No. 19,273.

THE MEYER-BRIDGES COMPANY, *Appellant,* v. THE AMERICAN WAREHOUSE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACT — *Selling Broom Corn on Commission — Contract Construed.* One of several provisions in a written contract was: "American Warehouse Company to have privilege of selling on Commission of $5.00 per ton. Prices to be made by Louisville Broom Works." *Held,* that this bound the broom-corn company to fix prices at which the warehouse company could sell and earn the commission, and was not to be a mere option or agency revocable at will.

2. SAME—*Rejected Evidence—Exclusion No Material Error.* Officers and other witnesses for the two companies testified quite fully as to the course of dealing, so that the claims and contentions of the parties plainly appeared. Certain correspondence between them touching the matters thus testified about was rejected. *Held,* that while properly admissible it does not appear that its admission would or should have led to a different result, hence there was no material error in such exclusion.

3. SAME—*New Trial—Evidence Not Produced on Motion—Stipulation.* Instead of producing this evidence at the hearing of the motion for a new trial it was stipulated that it should be considered as then offered and should be considered by the court. *Held,* that such stipulation was not a compliance with section 307 of the civil code, but whether or not it amounted to a waiver so as to supersede such

compliance, in view of the preceding paragraph, becomes immaterial.

4. SAME—*Expenses Properly Charged and Divided.* Expenses, erroneously called commissions, in purchasing broom corn on the joint account of the parties were properly charged and divided between them.

5. SAME—*Contracts Binding—Not Optional—Instruction.* The instructions were drawn upon the theory that the contracts between the parties were binding and not merely optional. *Held,* proper.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 6, 1915. Affirmed.

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*J. A. Brubacher,* and *James Conly,* both of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, a broom-corn company, sued the defendant, a warehouse company, to recover a balance alleged to be due by reason of certain contracts and dealings between the parties touching the purchase and handling of broom corn. There was a counter claim. The defendant recovered. The plaintiff appeals, and complains of error in the admission and exclusion of evidence and in refusing and giving instructions.

The evidence rejected consisted mainly of letters offered on cross-examination and in rebuttal, which letters were from the defendant to the plaintiff discussing various phases of the broom-corn market, and from the plaintiff to the defendant touching the same matter. In the contract set out in "Exhibit B" it was agreed that the warehouse company should have pay for certain broom corn mentioned therein, and that the remainder should be shipped to defendant's warehouse for storage, "American Warehouse Company to have

19—94 KAN.

the privilege of selling on commission of $5 per ton. Prices to be made by Louisville Broom Works." Much of the controversy centered around the question whether or not the failure to sell was the fault of the defendant or attributable to the failure of the plaintiff to fix prices, and the correspondence referred to appears to have been largely in reference to the advisability of selling at the prices as they ranged from time to time during the period covered by these letters. While we see no sufficient ground for rejecting this correspondence, still the record shows that the entire matter was quite thoroughly gone over by members and representatives of the two corporations, so that the jury had before them the respective claims and contentions of each party as stated upon the stand by its witnesses, and as the oral testimony, like the rejected letters, was conflicting, so that either view taken by the jury would be well supported, it is impossible to see how any real prejudice resulted from the refusal to receive in evidence this correspondence. When "Exhibit O" was offered, the court, in sustaining an objection thereto, said:

"So far the evidence fails to show that the Louisville Broom Works had given the American Warehouse Company any prices at which to sell, consequently they could n't do anything no matter what the condition of the market was."

This exhibit was, in effect, quite similar to the other rejected letters, practically all of which were at the most only cumulative to the abundant and similarly conflicting oral testimony.

It is contended by the defendant that even if error was committed the letters offered and refused were not produced upon the hearing on motion for a new trial as required by section 307 of the civil code. The abstract recites that it was "agreed that the record should show and that it should be considered that on the hearing of the motion for a new trial all letters and evidence which was offered at said trial and ob-

jections made and sustained should be considered as offered on the motion, and should be considered by the court on the hearing of the motion for a new trial." It is plain that this is not a compliance with the code requirement that "such evidence shall be produced at the hearing of the motion by affidavit, deposition or oral testimony of the witnesses, and the opposing party may rebut the same in like manner." (Civ. Code, § 307; *New v. Smith*, ante, p. 6, 145 Pac. 880, and cases there cited.) Assuming, without deciding, that this stipulation did not amount to a waiver of the statute or properly supersede its requirement, still, as already indicated, had the correspondence in question all been admitted it does not appear that the result would or should have been changed.

Certain telegrams were received in evidence over the objections of the plaintiff, but if they had any bearing on the issues it was without harm to either party. An account forwarded by the defendant February 7, 1912, including the $939.63 charge was offered, doubtless to show that the plaintiff's attention was then called thereto in which there was no material error.

The only items in dispute requiring notice were those of the plaintiff for $250.06, previously paid by way of commissions, a $40 item composed of advances made to growers of broom corn binding bargains when their crops were purchased, and the claim of the defendant for $939.63. The defendant insists that the record fails to show that the corn on which the items making up the $40 were advanced was ever delivered to the defendant, and the counter-abstract so states, and we do not observe that such statement is challenged. As to the $250.06 item, while it is called commissions in the account, it is shown by the testimony to have been an estimate of the expenses included in buying broom corn. Some of the defendant's employees were on salaries and others on commissions differing in amount, and considering such sal-

aries and commissions and the expenses while out making purchases the defendant deemed the charge reasonable, and this view appears to have been taken by the jury, and it was fairly supported by the evidence.

The remaining item depends on the location of the fault for not selling the broom corn stored in the defendant's warehouse. The plaintiff insists that the defendant failed to heed its request to sell and therefore was responsible for its own failure to earn commissions, while the defendant contends that it could not sell until the plaintiff fixed a price in accordance with the terms of the contract and that no price was fixed although requested by the defendant, hence the fault lay entirely with the plaintiff. But the testimony on this point was such as to support a finding either way, and hence it can not be said that the conclusion reached by the jury should be set aside. It is argued that the matter of fixing a price was optional rather than compulsory. But the agreement of October 11, among other things, covered various items including the cancellation of an order previously given for fifty cars of broom corn, the payment for ten other cars, and the following:

"The balance of the Broom Corn from Shattuck purchased by Adams and Louisville Broom Works to be shipped to Wichita and placed in American Warehouse Company's warehouses for storage. American Warehouse Company to have privilege of selling on Commission of $5.00 per ton. Prices to be made by Louisville Broom Works."

The language imports a binding agreement that the plaintiff should fix prices at which the defendant could sell for a commission of $5 a ton. It was not a mere agency or option, but what its plain language clearly indicates. The fluctuation of prices and the state of the market were matters on which both parties took their chances, and against which they failed to provide when they settled on the terms of their contract. It is suggested that the plaintiff might have fixed a

price impossible to be procured, but while such a contingency has not arisen it may be said that the law presumes that parties to contracts will act, not unreasonably, but reasonably and in good faith.

The jury were instructed that if the plaintiff paid the $250.06 knowing that it was embraced in a joint account rendered by the defendant, and made no complaint for an unreasonable length of time after knowing the facts in reference thereto, then such conduct might be considered in determining whether or not such charge was reasonable—what was an unreasonable time being for the jury to determine from the evidence. Surely the plaintiff has no ground for complaint of this instruction.

Another is criticised for its recognition that if the $500.12 called commissions was really for reasonable expenses incurred it was a proper charge against the two parties in their joint account, and it is said that the defendant was under contract to place this corn in the warehouse at its own expense. But that portion of the October 11 contract reads as follows:

"The American Warehouse Company is to also place 10 cars more of broom corn in warehouse to be paid for; ½ by Louisville Broom Works and ½ by American Warehouse Company and to be handled on joint account profits or losses to be divided equally."

The 10th instruction was to the effect that if the plaintiff failed to fix a price and prevented the defendant from selling and earning its commission the latter could receive $5 a ton less whatever its expenses would have been if permitted to sell. Agreeing as we do with the trial court in the construction of the contract, we agree also with the rule announced in this instruction.

We have painstakingly examined and considered every point raised, and while the record presents the usual conflict in evidence and contrast in contentions

it does not disclose any error materially prejudicial to the plaintiff.

The judgment is therefore affirmed.

MASON, J. (concurring specially) : I concur in the result, but dissent from the ruling that the question as to the admissibility of the letters in evidence was not properly presented for review. When an agreement between the parties is made in open court that a document, which has been read by the judge, and the contents of which are known to him, shall be considered as offered on the pending motion, and shall be considered by the court on the hearing thereof, I think the document is as effectually in evidence as word or action can get it there.